# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CINDY BIRKLAND,                             ) | |
|                                    ) | |

CINDY BIRKLAND,                            )

                         )

            Plaintiff,                )     Case No.: 2:11-cv-00502-GMN-PAL

    vs.                                            )

                                     )         **ORDER**

COUNTRYWIDE HOME LOANS, INC., *et al.*,   )

                                     )

             Defendants.              )

                                     )

      This is a civil action arising out of foreclosure proceedings and brought by pro se Plaintiff Cindy Birkland against Defendants Countrywide Home Loans ("Countrywide"), ReconTrust Company ("ReconTrust"), Mortgage Electronic Registration Systems ("MERS"), and CTC Real Estate Services (collectively, "Defendants").  Pending before the Court is Defendants' Motion to Dismiss (ECF No. 6).

## I.    BACKGROUND

      Plaintiff's Complaint relates to the property located at 1724 Sand Storm Drive, Henderson, NV, 89014, APN# 178-16-311-047.  In her Complaint, Plaintiff lists four causes of action: (1) Quiet Title; (2) Breach of Contract; (3) Fraud; and (4) Real Party in Interest Only Has Standing to Foreclose. (Complaint, ECF No. 1.)  In the Motion to Dismiss, Defendants submit documents relating to the instant property that were filed with the Clark County Recorder's Office, including the Deed of Trust, Substitution of Trustee, Corporation Assignment of Deed of Trust, Notice of Default, Notice of Trustee's Sale, Certificate of the State of Nevada's Foreclosure Mediation Program and two Quitclaim Deeds.[1]

      On January 4, 2005, a Deed of Trust was recorded in Clark County securing a $600,000.00

---

[1] Accordingly, the Court takes judicial notice of Defendants' Exhibits B through I.

Note on the instant property, with Cindy Birkland listed as "Borrower," and Defendant CTC Real Estate Services as "Trustee." ("Deed of Trust", Ex. B to Defs.' Mot. to Dismiss, ECF No. 6-3.)

On October 31, 2005, two Quitclaim deeds were filed in Clark County. ("Quitclaim Deed" 1 & 2, Exs. H & I to Defs.' Mot. to Dismiss, ECF Nos. 6-9, 6-10.)  The first Quitclaim Deed conveys the instant property from Cindy Birkland to the CoMiller Revocable Trust, and the second conveys the instant property from Cindy Birkland and Jeffery T. Brown, "acting as Trustees and on behalf of the CoMiller Revocable Trust," to CoMiller, L.L.C. (*Id.*)

On October 25, 2010, Defendant MERS executed a Corporation Assignment of Deed of Trust, assigning and transferring the beneficial interest in Plaintiff's Deed of Trust from Defendant CTC Real Estate Services, as Trustee, to U.S. Bank National Association, as Trustee, for the benefit of Harborview 2005-1 Trust Fund. ("Assignment" Ex. D to Defs.' Mot. to Dismiss.)  Also on October 25, 2010, U.S. Bank National Association, as Trustee, executed a Substitution of Trustee, naming ReconTrust Company, N.A., as Trustee. ("Substitution of Trustee" Ex. C to Defs.' Mot. to Dismiss.)  On October 25, 2010, Defendant ReconTrust recorded a Notice of Default stating that Plaintiff was in breach of her obligations under the Note as of September 1, 2008. ("Notice of Default" Ex. E to Defs.' Mot. to Dismiss.)

Plaintiff does not allege that she is current in her payments on the Note.  A Certificate of the State of Nevada's Foreclosure Mediation Program relating to the instant property, dated January 3, 2011, was recorded in Clark County on February 22, 2011, stating that:

> No request for mediation was made or the Grantor has waived mediation.  As a result no mediation is required in this matter.  The Beneficiary may proceed with the foreclosure process.

("Certificate" Ex. G to Defs.' Mot. to Dismiss.)  Also on February 22, 2011, Defendant ReconTrust recorded a Notice of Trustee's Sale to take place on March 9, 2011. ("Notice of Trustee's Sale" Ex. F to Defs.' Mot. to Dismiss)  Though it is not clear from the pleadings, the

1  parties appear to acknowledge that no foreclosure sale has yet occurred.

2         Plaintiff filed her Complaint before this Court on April 5, 2011. (ECF No. 1.)  The Court

3  notes that Plaintiff has previously appeared before the District of Nevada on similar claims for a

4  separate property, asserting causes of action for (1) quiet title; (2) lack of standing of trustee;

5  (3) breach of contract; (4) fraud; and (5) lack of standing for foreclosure. *Birkland v. Silver State*

6  *Financial Services, Inc., et al.*, Case No. 2:10-CV-00035-KJD-LRL (D. Nev. 2011) (granting

7  defendants' motion to dismiss, without leave to amend, and entering judgment in favor of

8  defendants on September 2, 2010).

9  **II.    LEGAL STANDARD**

10        Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

11  that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp.*

12  *Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule

13  12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

14  give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See*

15  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

16  sufficient to state a claim, the Court will take all material allegations as true and construe them in

17  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.

18  1986).

19        The Court, however, is not required to accept as true allegations that are merely

20  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

21  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

22  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

23  is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

24  550 U.S. at 555) (emphasis added).

25        A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for

failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of

the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

### A.   Quiet Title

Plaintiff's first cause of action is styled as an action to "quiet title" and states that "Plaintiff is the only party to this matter that can prove legal and equitable ownership interest in the property." (Complaint, 7:¶37.)  As a basis for this claim, Plaintiff alleges that as a result of securitization, "the deed of trust is split from the note and is unenforceable, and any lien should be struck from the land records." (*Id*. at ¶¶38-39.)  Plaintiff's request under this cause of action is as follows:

> Plaintiffs therefore seek a declaration that the title to the subject property is vested in plaintiffs alone, free of deed of trust liens, and that the defendants herein, jointly and severally be declared to have no estate, right, title or interest in the subject property and that said defendants be forever enjoined from asserting any estate, right, title or interest in the subject property adverse to plaintiffs herein.

(*Id*. at 40.)

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010.  The burden of proof in a quiet title action rests with the plaintiff to prove good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  When an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Id*. (citing *Biasi v. Leavitt*, 692 P.2d 1301, 1304 (Nev. 1985)).

Defendants submit two Quitclaim Deeds recorded in Clark County that show a transfer of the instant property to CoMiller, L.L.C in 2005.  Plaintiff does not mention CoMiller L.L.C. in her

Complaint or her Response, nor does she name CoMiller L.L.C. as a party.  In her Response, Plaintiff does not address the Quitclaim Deeds or the standing issue raised by Defendants in the Motion to Dismiss.  Accordingly, and because Plaintiff does not allege that she is current in her mortgage payments, the Court finds that Plaintiff has failed to sufficiently allege good title in herself.

      **B.**      **Wrongful Foreclosure**

In her fourth cause of action, styled as "Real Party in Interest Only Has Standing to Foreclose," Plaintiff alleges that "Defendants Countrywide Home Loans, Inc., Recontrust Company, and MERS are not the real party in interest and lacks standing to foreclose on Plaintiff," and that "[i]n order to have standing [to foreclose] the real party in interest must be able to provide proof that they are the holder and owner of the mortgage and note to foreclose." (Complaint, 10:¶¶66-67.)

Because foreclosures in Nevada are non-judicial, parties initiating foreclosure proceedings are not required to prove standing to foreclose in a court of law before initiating the foreclosure process.  To the extent that Plaintiff is alleging a statutory defect in foreclosure pursuant to Ch. 107 of Nevada Revised Statutes, Plaintiff fails to sufficiently allege a defect in foreclosure.

Nevada statutes do not require parties initiating foreclosure to first provide proof that they are the holder and owner of the mortgage and note.  Securitization does not bar a party from initiating foreclosure proceedings. *See* NRS 107.080; *Chavez v. California Reconveyance Co.*, 2010 WL 2545006, at *2 (D. Nev. 2010) ("NRS 107.080 does not forbid the securitization of a loan.").  Furthermore, Defendants submitted the Certificate of Foreclosure Mediation issued by the State of Nevada which verifies that no mediation is required.

Plaintiff also alleges that "Defendants failed to register the trust with the State of Nevada." (*Id*. at ¶70.)  However, it is not clear from the Complaint what trust Plaintiff is referring to, nor is it clear which legal requirement Plaintiff is alleging Defendants breached by failing to register.

1  Therefore, Plaintiff fails to sufficiently state a claim in her fourth cause of action.

2       **C.**    **Breach of Contract and Fraud**

3       In her second and third causes of action, Plaintiff appears to claim breach of contract and

4  fraud relating to the securitization of her mortgage.

5       A claim for breach of contract must allege (1) the existence of a valid contract; (2) that

6  plaintiff performed or was excused from performance; (3) that the defendant breached the terms

7  of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement

8  (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000)

9  ("A breach of contract may be said to be a material failure of performance of a duty arising under

10  or imposed by agreement").

11       Plaintiff does not specify what contract Defendants violated, only stating that "[o]n or

12  about plaintiff and defendant entered into agreement for the purchase of Plaintiffs home at 1724

13  Sand Storm Drive, Henderson NV 89074." (Complaint, 8:¶42.)  Plaintiff also does not allege that

14  she performed or was excused from performance.

15       A claim of fraud requires specific allegations detailing the circumstances constituting the

16  fraud. Fed. R. Civ. P. 9.  In her fraud claim, Plaintiff does not state specific persons, dates or

17  details describing the alleged misrepresentations by Defendants.

18       Also, as discussed above, securitization is not a bar to the initiation of foreclosure

19  proceedings.  Plaintiff fails to base these causes of action on any other grounds.  For these

20  reasons, Plaintiff fails to sufficiently state a claim upon which relief can be granted.

21  **IV.**    **<u>CONCLUSION</u>**

22       **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is

23  **GRANTED, without prejudice**.

24       **IT IS FURTHER ORDERED** that if Plaintiff chooses to file an Amended Complaint

25  consistent with this Order, correcting the deficiencies in her Complaint as described above, she

must do so **by February 3, 2012**, or the case will be closed.

      **DATED** this 11th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge